IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LONGBEAM TECHNOLOGIES LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 21-1559 (CFC) |
| ) | |
| AMAZON.COM, INC. and ) | |
| AMAZON WEB SERVICES, INC., ) | |
| ) | |
| Defendants. ) | |

### AMAZON DEFENDANTS' OBJECTION TO LONGBEAM'S CORPORATE DISCLOSURE STATEMENT AND STATEMENT REGARDING THIRD-PARTY FUNDING

Defendants Amazon.com, Inc. and Amazon Web Services, Inc. (collectively "Amazon") object to Plaintiff Longbeam Technologies LLC's ("Longbeam") Amended Disclosure Statement (D.I. 30) and Amended Statement Regarding Third-Party Funding (D.I. 31) for their failure to disclose Longbeam's apparent relationship with patent monetization entity IP Edge.

Longbeam's disclosures make no mention of IP Edge, but its own administrative filings, as well as public reporting, confirm that Longbeam is an extension of IP Edge. Longbeam's patent assignment, excerpted and recorded with the United States Patent and Trademark Office, confirms that the correspondence address for Longbeam is an "@ip-edge.com" email address. Ex. A (Patent

1

Assignment) at 1.[1]  Independent news reports have confirmed that "IP Edge has continued to form additional entities . . . among them . . . Longbeam Technologies LLC" (Ex. B at 4) and that this litigation specifically represents "a brand-new campaign *run by IP Edge*" (Ex. C at 2 (emphasis added)).  The latter is notable given that a principal of IP Edge is a contributor to the same media outlet.  (Ex. D at 1).

Longbeam's failure to disclose its connection to IP Edge is concerning, given IP Edge's established practice of "the naming of individuals, seemingly with no prior connection to monetization, as managers or members of its various LLCs" to avoid disclosure of its real interests, in defiance of the purpose of this Court's standing disclosure orders.  Ex. E at 2 (discussing the specific impact of the Court's new standing orders on IP Edge entities).  As the Court noted, this structure prevents Amazon from having any understanding of who is actually suing it, and who is making strategic litigation decisions for Longbeam.  Hr'g Tr. at 3:19-5:23; 33:11-19 (July 13, 2022).

Longbeam's obfuscation prevents Amazon from meaningfully assessing whether Longbeam has standing to bring this action.  Without any disclosure of the relationship between IP Edge and Longbeam, Amazon cannot evaluate whether Longbeam possesses the full bundle of exclusionary rights necessary to establish

---

[1] Exhibit citations refer to the exhibits attached to the concurrently filed declaration in support of this Objection.

prudential or constitutional standing. *See, e.g., Acceleration Bay LLC v. Activision Blizzard, Inc.*, 2016 WL 3186890, at *5 (D. Del. June 3, 2016) (dismissing case for lack of standing due to substantial rights held by non-party).

To resolve this dispute, Amazon respectfully requests that the Court order early discovery limited to this threshold issue of standing, including the production of relevant documents and a deposition of Longbeam principals on the nature and extent of IP Edge's interests in this litigation and the asserted patents, while staying discovery on other issues.

|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|---|---|
|  | */s/ Jeremy A. Tigan* |
| OF COUNSEL: | Jack B. Blumenfeld (#1014)<br>Jeremy A. Tigan (#5239)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899<br>(302) 658-9200<br>jblumenfeld@morrisnichols.com<br>jtigan@morrisnichols.com |
| Adam M. Greenfield<br>Maximilian A. Grant<br>Gabriel K. Bell<br>David A. Zucker<br>LATHAM & WATKINS LLP<br>555 Eleventh Street, NW<br>Suite 1000<br>Washington, D.C.  20004-1304<br>(202) 637-2200 | |
|  | *Attorneys for Defendants Amazon.com, Inc. and Amazon Web Services, Inc.* |
| Kimberly Q. Li<br>LATHAM & WATKINS LLP<br>200 Clarendon Street<br>Boston, MA  02116<br>(617) 948-6000 | |

July 25, 2022

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on July 25, 2022, upon the following in the manner indicated:

| | |
|---|---|
| Stamatios Stamoulis, Esquire<br>Richard C. Weinblatt, Esquire<br>800 North West Street, Third Floor<br>Wilmington, DE  19801<br>*Attorneys for Plaintiff*<br>*Longbeam Technologies LLC* | VIA ELECTRONIC FILING |
| Ronald M. Daignault, Esquire<br>Chandran B. Iyer, Esquire<br>Zachary H. Ellis, Esquire<br>Christian E. Samay, Esquire<br>DAIGNAULT IYER LLP<br>8618 Westwood Center Drive<br>Suite 150<br>Vienna, VA  22182<br>*Attorneys for Plaintiff*<br>*Longbeam Technologies LLC* | VIA ELECTRONIC FILING |

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)