# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **LONGBEAM TECHNOLOGIES LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**AMAZON.COM, INC., and AMAZON WEB SERVICES, INC.,**<br><br>Defendants. | **Case No. 1:21-cv-01559-CFC**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S RESPONSE TO AMAZON DEFENDANTS' OBJECTION TO LONGBEAM'S CORPORATE DISCLOSURE STATEMENT AND <u>STATEMENT REGARDING THIRD-PARTY FUNDING</u>**

In its filing of a so-called "objection" to Longbeam's supplemental disclosures, the Amazon defendants provide conclusive evidence that Plaintiff Longbeam has standing to bring this action. The Patent Assignment to Longbeam — recorded at the USPTO and filed with Amazon's present "objection" — expressly assigned, transferred, and conveyed to Longbeam "all right, title, and interest to the Patents and Related Patents," including the patents-in-suit. D.I. 34-1 at pages 4-6 (Patent Assignment at paragraph (f)). That complete assignment to Longbeam includes "the right to bring any claim, sue, counterclaim, and recover for the past,

1

present and future infringement," which includes the current patent infringement suit against Amazon. *Id.* (Patent Assignment at paragraph (h)).  Thus, there is no credible good faith dispute that Longbeam holds title to the patents-in-suit and has standing to sue the Amazon defendants for patent infringement." *See, e.g., Minco, Inc. v. Combustion Eng'g, Inc.*, 85 F.3d 1109, 1117 (Fed. Cir. 1996) ("an assignee holds title to a patent and may sue for infringement"); 35 U.S.C. § 100(d) ("The word 'patentee' includes not only the patentee to whom the patent was issued but also the successors in title to the patentee").

Furthermore, the single case cited by the Amazon defendants for the relief sought is unavailing to the position Amazon stakes and fully supports Longbeam's standing to sue and proceed in the ordinary course.  In *Acceleration Bay*, the challenged assignment was made expressly "subject to certain pre-existing licenses" which the Court found to include a license retained by the defendant in that case to practice the patents asserted against it. *Acceleration Bay LLC v. Activision Blizzard, Inc.*, Case No. 15-228-RGA, 2016 WL 3186890 (D. Del. June 3, 2016).  No such retained right exists in the current case.  Here, the Patent Assignment to Longbeam is a complete transfer of all patent rights without any condition that could be argued to impair standing, such as the license-back provision at issue in *Acceleration Bay*. *See* D.I. 34-1 at pages 4-6.  The remaining arguments to stay the case are red-herring and mooted by Longbeam's supplemental disclosures and accompanying

declaration of the sole member and owner of Longbeam. D.I. 30-32. Accordingly, Amazon's request for a stay of the case to conduct a fishing expedition under the guise of discovery about legal standing should be denied.

Dated: August 5, 2022

Respectfully submitted,

*/s/ Richard C. Weinblatt*
Richard C. Weinblatt (#5080)
Stamatios Stamoulis (#4606)
STAMOULIS & WEINBLATT LLC
800 N. West Street, Third Floor
Wilmington, DE 19801
Telephone: (302) 999-1540
Facsimile: (302) 762-1688
stamoulis@swdelaw.com
weinblatt@swdelaw.com

*Of Counsel:*

Ronald M. Daignault (*pro hac vice*)*
Chandran B. Iyer (*pro hac vice*)
Zachary H. Ellis (*pro hac vice*)*
Christian E. Samay (*pro hac vice*)*
rdaignault@daignaultiyer.com
cbiyer@daignaultiyer.com
zellis@daignaultiyer.com
csamay@daignaultiyer.com

DAIGNAULT IYER LLP
8618 Westwood Center Drive
Suite 150
Vienna, VA 22182
*Not admitted to practice in Virginia*

**ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 5, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered counsel.

*/s/ Richard C. Weinblatt*
Richard C. Weinblatt (#5080)
